An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-872

Filed 3 June 2026

Alexander County, No. 19JT000039-010

IN THE MATTER OF: N.L.A.

Appeal by respondent-parents from order entered 29 April 2025 by Judge Christine Underwood in Alexander County District Court. Heard in the Court of Appeals 20 May 2026.

> *Law Office of Jason Senges, by Jason Senges, for the respondent-appellant-father.*
>
> *Office of the Parent Defender, by Assistant Parent Defender Benjamin J. Kull, for the respondent-appellant-mother.*
>
> *Alexander County Department of Social Services, by Lauren Vaughan, for the petitioner-appellee.*
>
> *Administrative Office of the Courts, by Brittany T. McKinney, for guardian ad litem.*

TYSON, Judge.

Respondent-Parents appeal from the trial court's order terminating parental rights to their minor child, "Noah." (Pseudonym used to protect the identity of the minor pursuant to N.C. R. App. P. 42(b)). We affirm.

## I. Background

Noah was placed in the non-secure custody of the Alexander County Department of Social Services ("DSS") when he was an infant due to reports of domestic violence in the home, alcohol and substance abuse, and for Respondent-Father assaulting a law enforcement officer while holding him. Noah was adjudicated as neglected on 10 October 2019.

Respondent-Parents complied with the requirements of their case plans and Noah was returned to their home less than a year later in September of 2020. The issues, which had initially brought Noah into the care of DSS, continued and he was returned to DSS custody on 27 January 2022, where he has since remained. Noah was adjudicated neglected again on 19 May 2022. The parents entered into a case plan, but they continued to engage in the behaviors which had led to Noah's removal.

On 15 December 2023, DSS filed a petition to terminate the parental rights of Respondent-Mother and Respondent-Father. The adjudication portion of the termination of parental rights proceeding was held before the trial court over six ( 6) months on 27 June, 22 August, 19 September, 14 November, and 12 December 2024, with Judge Bryan A. Corbett presiding. The trial court found grounds to terminate parental rights of both parents pursuant to §§ 7B-1111(a)(1) and (2). N.C. Gen. Stat. §§ 7B-1111(a)(1)-(2) (2025).

Judge Corbett signed a "Judgment and Order of Adjudication in Termination of Parental Rights Proceeding" on 29 January 2025, which was filed on 3 February 2025. Judge Corbett subsequently resigned from the bench on 7 March 2025, prior

to the dispositional hearing.

The dispositional portion of the termination of parental rights proceeding was held on 27 March 2025, with Judge Christine Underwood presiding. The court concluded it was in the best interest of Noah to terminate both parents' parental rights. On 29 April 2025, Judge Underwood signed a written "Order on Disposition on Petition for Termination of Parental Rights," which was filed the same day.

## II.    Jurisdiction

This Court possesses jurisdiction over this appeal pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2025) and § 7B-1001(a)(7) (2025).

## III.    Issues

Both parents argue it was reversible error for different judges to preside over the adjudication and dispositional hearings of the termination of parental rights proceeding.

## IV.    Analysis

Respondent-Parents argue the trial court failed to comply with Rules 52 and 63 of the North Carolina Rules of Civil Procedure by holding two different and distinct hearings under two different judges. Rule 52 provides: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2025). Rule 63 dictates the circumstances in which a substituted judge is permitted to step into a pending

proceeding.  N.C. Gen. Stat. § 1A-1, Rule 63 (2025).

Respondent-Parents argue Rule 52 requires the judge who heard the termination of parental rights adjudication hearing to hear the matter through the dispositional hearing, unless Rule 63 permits a substitution of judges.  They further argue Rule 63 does not permit a substitution of judge, because Rule 63 only allows a substitution of judges "after a verdict is returned or a trial or hearing is otherwise concluded[.]"  N.C. Gen. Stat. § 1A-1, Rule 63 (2025).  We disagree.

## A.  Termination of Parental Rights Proceedings

"Termination of parental rights proceedings are conducted in two phases – an adjudicatory phase and a dispositional phase."  *In re N.J.R.C.*, 291 N.C. App. 174, 175, 895 S.E.2d 443, 445 (2023).  The adjudicatory and dispositional hearings have different evidentiary standards, and the trial court's tasks are different.   The adjudicatory hearing on termination is governed by N.C. Gen. Stat. § 7B-1109, which provides: "The court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent."  N.C. Gen. Stat. § 7B-1109(e) (2025).

The dispositional hearing is governed by N.C. Gen. Stat. § 7B-1110.  If the court concludes one or more grounds exist to terminate parental rights, "the court shall determine whether terminating the parent's rights is in the juvenile's best interest" based upon the enumerated statutory criteria.  N.C. Gen. Stat. § 7B-1110(a)

(2025).

The two adjudicatory and dispositional hearings may be combined or held at different times. *See In re B.J.H.*, 378 N.C. 524, 534, 862 S.E.2d 784, 793 (2021) ("[A] trial court may exercise its discretion to hold separate adjudicatory and dispositional hearings in accordance with N.C.G.S. § 7B-1190 and 7B-1110."); *In re R.B.B.*, 187 N.C. App. 639, 643-44, 654 S.E.2d 514, 518 (2007) ("[A] trial court may combine the N.C.G.S. § 7B-1109 adjudicatory stage and the N.C.G.S. § 7B-1110 dispositional stage into one hearing, so long as the trial court applies the correct evidentiary standard at each stage and the trial court's orders associated with the termination action contain the appropriate standard-of-proof recitations."), *disc. review denied*, 362 N.C. 235, 659 S.E.2d 738 (2008).

The statutes require the entry of two separate and distinct orders on adjudication and disposition and mandates deadlines. *See* N.C. Gen. Stat. § 7B-1109(e) (2025) ("The adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing."); N.C. Gen. Stat. § 7B-1110(a) (2025) ("[Dispositional] order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.").

The General Assembly clearly intended for the adjudication and dispositional phases of a termination of parental rights proceeding to be treated as separate and distinct from each other with different tasks before the trial court, different

evidentiary standards, burdens of proof, and the entry of distinct orders. *See In re M.Y.P.,* 378 N.C. 667, 681, 862 S.E.2d 773, 783 (2021) (providing guidance for the trial court's proper application of the different standards of proof if the adjudication and disposition is consolidated into one hearing). We discern nothing in Rule 52 of the Rules of Civil Procedure nor in the Juvenile Code, which requires the trial judge, who presides over the adjudication hearing, to also preside over the separate and distinct dispositional hearing in the absence of a substitution of judge under Rule 63.

## B. Prejudice

Judge Corbett and Judge Underwood each entered separate and distinct orders, which were based upon the evidence and hearings over which each judge independently presided. Neither judge engaged in judicial decision-making on behalf of the other. Judge Underwood did not alter any of Judge Corbett's findings or conclusions in the adjudication order and throughout the dispositional hearing made it clear she would not do so. Judge Underwood properly proceeded with the bifurcated dispositional hearing, wherein she received reports and heard testimonies of both parents, the child's proposed adoptive parents, the social worker, and the guardian *ad litem* volunteer.

Judge Underwood's findings and conclusions were based on evidence presented at the hearing over which she presided and are not challenged by either parent. Judge Underwood was able to independently evaluate the evidence presented during the best interest phase and consider each of the required dispositional factors under N.C.

Gen. Stat. § 7B-1110. Respondent-Parents have failed to demonstrate they were prejudiced by Judge Underwood presiding over the dispositional hearing after Judge Corbett's resignation.

## V. Conclusion

Respondent-Parents have failed to show it was error or prejudicial for different judges to hear the statutorily separate and distinct adjudicatory and dispositional phases of the termination of parental rights proceeding when the judge, who had conducted the adjudication hearing, resigned prior to the dispositional hearing. The order of the trial court terminating parental rights of Respondent-Parents is affirmed. *It is so ordered.*

AFFIRMED.

Judges ARROWOOD and GRIFFIN concur.

Report per Rule 30(e).